UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ROBERT WALDRON and <br> CHRISTOPHER MILLS, <br> <br> Plaintiffs, <br> <br> v. <br> <br> GEORGE WESTON BAKERIES <br> DISTRIBUTION, INC., <br> <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Docket No. 2:06-CV-190-GZS |

**ORDER ON MOTION TO DISMISS & OBJECTION TO REMOVAL**

Presently before the Court are Defendant's Motion to Dismiss (Docket # 5) and Plaintiffs' Objection to Removal (Docket # 9). For the reasons briefly explained below, the Court DENIES Plaintiffs' Objection (Docket # 9) and GRANTS IN PART and DENIES IN PART Defendant's Motion (Docket # 5).

Upon review of the federal jurisdiction question after ruling on Defendant's Motion to Dismiss, the Court finds no basis for federal jurisdiction and, therefore, REMANDS the remainder of this action thereby allowing Plaintiffs to return to state court to pursue the remaining claims.

**I.     OBJECTION TO REMOVAL AND REQUEST FOR REMAND**

Plaintiffs' Objection to Removal challenges the timeliness of Defendant's removal and requires the Court to initially determine whether there is a basis for federal jurisdiction *at the time of removal*. See, e.g., Satterfield v. F.W. Webb, Inc., 334 F. Supp. 2d 1, 2-3 (D. Me. 2004).

First, the Court concludes that Defendant did remove within the thirty day time limit prescribed in 28 U.S.C. § 1446(b). Plaintiffs' argument that the thirty day clock for removal was

1

triggered on August 30, 2006, when Plaintiffs provided Defendant with a copy of a complaint misnaming a non-existent entity as the Defendant, is simply without merit.  See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 353-56 (1999).

Second, the Court finds that the Complaint was properly removed to federal court on the basis of diversity jurisdiction.  Although Plaintiffs question whether the case satisfies the $75,000 amount-in-controversy requirement, Defendant's submissions prove by a preponderance of the evidence that the litigation value of the claims asserted by each Plaintiff in the complaint exceed $75,000.  See Finley v. George Weston Bakeries Distribution, Inc., -- F. Supp. 2d ---, 2007 WL 293528 at *2 (D. Me. Feb. 1, 2007).  Specifically, Defendant has satisfied the amount-in-controversy requirement by its proffer that Plaintiff Christopher Mills ("Mills") could recover $81,339.00 on his claim under the Maine Business Opportunities Act ("MBOA"), 32 M.R.S.A. § 4691 et seq., and that Plaintiff Robert Waldron ("Waldron") could recover $67,053.00 on his MBOA claim.  In addition to these amounts, Defendant proffers that Plaintiffs would be entitled to recover attorney's fees totaling $55,400.00.[1]  See Dep't of Recreation & Sports v. World Boxing Assoc., 942 F.2d 84, 89-90 (1st Cir. 1991) (explaining that a reasonable estimate of attorney's fees can be part of the amount in controversy only when an award of attorney's fees is allowed by statute or contract); Finley, 2007 WL 293528 at *2 (explaining how both the Maine Business Opportunity Act and the Maine Unfair Trade Practices Act allow for an award of attorney's fees).  Dividing the estimated $55,400.00 of attorney's fees evenly among the two Plaintiffs allows each to easily clear the $75,000 amount-in-controversy requirement.

Therefore, the Court finds that the Complaint was properly removed on the basis of diversity jurisdiction and hereby DENIES Plaintiffs' Objection to Removal.

---

[1] The Court notes that Plaintiffs have not disputed any of the estimates put forward by Defendant.

## II.     MOTION TO DISMISS

Having found a basis for subject matter jurisdiction, the Court turns its attention to Defendant's Motion to Dismiss. This Motion to Dismiss relies heavily on prior orders of this Court entered in an earlier case, Gagne et al. v. George Weston Bakeries Distribution, Inc., Docket # 2:05-cv-77-GZS ("Waldron I"). As a result, the Court prefaces its discussion of the pending motion with a brief description of Waldron I and the Court's orders in that case:

### A.     Waldron I

Waldron I was commenced on April 21, 2005 by a group of independent operators that had contracts with Defendant George Weston Bakeries, Inc. ("GW Bakeries"). Mills and Waldron were both named as plaintiffs in Waldron I. The initial complaint asserted claims for violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (Count I), tortious interference with economic advantage (Count II), breach of contract (Count III), violation of the Maine Unfair Trade Practices Act ("MUTPA"), 5 M.R.S.A. § 207 (Count IV) and violation of the Sherman Act, 15 U.S.C. § 1 et seq. (Count V). The complaint also sought class certification and punitive damages. Defendant initially moved for dismissal of Counts II, IV and V. Notably, in response to the motion to dismiss, plaintiffs conceded that Count IV, the claimed violation of MUTPA, should be dismissed. Defendant's motion was ultimately granted and Counts II, IV and V were dismissed for failure to state a claim.

On October 14, 2005, the plaintiffs in Waldron I filed an amended complaint. Following the Court's earlier ruling, this amended complaint maintained the earlier claims for violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (Count I) and breach of contract (Count II) and added a claim for violation of good faith and fair dealing under the UCC (Count III). Defendant moved to dismiss Count III arguing that it did not state a claim independent from the

3

claim for breach of contract contained in Count II. Plaintiffs filed no objection to this Motion and the Court subsequently endorsed the Motion as granted without objection. Then, on April 14, 2006, the plaintiffs moved to dismiss their claims for violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (Count I), and defendant responded that it had no objection to a dismissal of Count I with prejudice. The Court then dismissed Count I with prejudice and without costs. Following the dismissal of the sole federal claim, the Court ordered plaintiffs to elucidate a basis for federal jurisdiction over the remaining claim for breach of contract. On May 17, 2006, plaintiffs filed a response that stated in relevant part:

> It is Plaintiffs' position that the contract in question is unenforceable as a contract of adhesion and because its terms are unconscionable. However, it is not necessary to address that issue at this time as Plaintiff Negley [, one of the other named plaintiffs,] is unable to articulate damages of $75,000.00 as required for this Court to exercise jurisdiction in this case.
> To the extent that this information requires dismissal of this matter for lack of jurisdiction, Plaintiffs request that this matter be dismissed without prejudice.

(Pls.' Response (Docket # 70 in 2:05-cv-77-GZS) at 1.) Upon receipt of this response, the Court declined to exercise supplemental jurisdiction over the remaining breach of contract claims and dismissed the Amended Complaint (which, at that time, asserted only a breach of contract claim) without prejudice.

**B.     Res Judicata**

Based on this procedural back-drop, Defendant now moves to dismiss Counts II-IV as well as the portion of Count I alleging unconscionability. Defendant primarily relies on the Court's orders from Waldron I to argue that all of these claims are barred by res judicata.

"The rules for res judicata, where a federal court is considering the effect of its own prior disposition of a federal claim on a newly brought federal claim, are a matter of federal law." AVX Corp. v. Cabot Corp., 424 F.3d 28, 30 (1st Cir. 2005) (*citing* Apparel Art Int'l Inc. v.

4

Amertex Enters. Ltd., 48 F.3d 576, 582 (1st Cir. 1995)). In general, res judicata is said to bar parties from relitigating both previous claims and any claims that could have been included in a prior action that resulted in a final judgment on the merits. See Maher v. GSI Lumonics, Inc., 433 F.3d 123, 126 (1st Cir. 2005) (*quoting* Porn v. Nat'l Grange Mut. Ins. Co., 93 F.3d 31, 34 (1st Cir. 1991)). "Under the federal law standard, the essential elements of claim preclusion are (1) a final judgment on the merits in an earlier action; (2) an identity of the causes of action in both the earlier and later suits; and (3) an identity of parties or privies in the two suits." Kale v. Combined Ins. Co., 924 F.2d 1161, 1165 (1st Cir. 1991) (citations omitted).

There is no question with respect to the third element in the pending case. Rather, the Motion to Dismiss focuses on the first two elements in light of the fact that the Order of Dismissal in this matter made an express reservation of the breach of contract claim. Therefore, the Court addresses the unique res judicata questions raised by the previous final judgment by separately considering the Maine statutory claims (Counts III & IV) and the claims now tied to the breach of contract claim (Counts I & II).

1.   **Counts III & IV:  Violations of MUTPA & MBOA**

In separate counts, Plaintiffs assert state claims under MBOA (Count III), 32 M.R.S.A. § 4691 et seq., and MUTPA (Count IV), 5 M.R.S.A. § 205-A et seq. The Court concludes that both of these claims are barred by res judicata.

With respect to the claim under MUTPA (Count IV), there is no dispute that Waldron I initially contained a claim for violation of MUTPA. In Waldron I, this claim was dismissed for failure to state a claim based on the plaintiffs' concession that they could not state a claim under MUTPA. This Waldron I ruling operated as a dismissal on the merits as to this claim. See AVX Corp., 424 F.3d at 30 ("Ordinarily, a dismissal for failure to state a claim is treated as a dismissal

5

on the merits and there is abundant case law to this effect.") As a result, there is no doubt that Plaintiffs are barred from now asserting a claim under the MUTPA in this case.

Although plaintiffs in Waldron I did not assert a claim under MBOA, the absence of this claim does not necessarily save the claim from being barred by res judicata. Rather, if the MBOA claim is "closely related" and "grows out of the same transaction or set of transactions" as claims previously decided on the merits, the claim is similarly foreclosed by the application of res judicata. AVX Corp., 424 F.3d at 31; see also Kale, 924 F.2d at 1166.

In this case, the MBOA claim is closely related to the MUTPA claim previously asserted. In fact, pursuant to 32 M.R.S.A. § 4700, a violation of the MBOA is considered to be a violation of the MUTPA. Thus, even if Plaintiffs were able to pursue a claim for violation of the MBOA in this action, the ultimate remedy would be under the MUTPA. For this reason, the Court must conclude that the Waldron I decision on the merits with respect to the previously asserted MUTPA claim bars Plaintiffs from asserting a claim under the MBOA in this case.

In addition to this analysis, this Court notes that Plaintiffs failed to respond to Defendant's arguments that res judicata barred both Counts III and IV. As a result of this failure to respond, Plaintiffs have waived any objection to the Court dismissing Counts III and IV based on res judicata.[2]

**2.      Counts I & II:  Unconscionability & Declaratory Judgment**

What remains are Counts I and II. Count I is currently framed as alleging claims for breach of contract and unconscionablity. Count II seeks relief pursuant to the Uniform Declaratory Judgments Act, 14 M.R.S.A. § 5951 et seq.

---

[2] Because of the Court's dismissal of Counts III and IV on the basis of res judicata, the Court need not reach Defendant's additional arguments for dismissal of these two claims. (See Def.'s. Mot. to Dismiss (Docket # 5) at 11-13.)

In Waldron I, the asserted breach of contract claim was dismissed without prejudice due to lack of federal jurisdiction and, thus, there was no final judgment on the merits regarding any claims for breach of contract. For this reason, Defendant admits that to the extent Count I contains an explicit claim for breach of contract, it is not barred by res judicata. However, Defendant argues that the Court's orders from Waldron I did not preserve Plaintiffs' rights to pursue claims for unconscionability (as contained in Count I) and/or to seek a declaratory judgment (as alleged in Count II).

Quite simply, these claims are closely related and grow out of the same transaction as the breach of contract claim previously asserted in Waldron I. Thus, what prevents the application of res judicata is that there was never a final judgment entered as to that earlier breach of contract claim. In short, logic and fairness dictate that res judicata cannot bar Plaintiffs from now asserting unconscionability or seeking a declaratory remedy for breach of contract. This conclusion is especially apt under the circumstances presented here because the plaintiffs' concession in Waldron I that diversity jurisdiction was lacking contained explicit references to the contracts at issue being "unconscionable." (Pls.' Response (Docket # 70 in 2:05-cv-77-GZS) at 1.)

All of the claims now asserted in Counts I and II appear to fall within the "jurisdictional competence exception" to claim preclusion. Kale, 924 F.2d at 1167-68.[3] Therefore, the Court cannot conclude that res judicata bars Plaintiffs from asserting all of the claims contained in Counts I and II of the Amended Complaint.

---

[3] The Court notes that the actual absence of subject matter jurisdiction over Plaintiff's breach of contract claims makes this case distinguishable from both Maher v. GSI Lumonics, Inc., 433 F.3d 123 (1st Cir. 2005) and Kale v. Combined Ins. Co., 924 F.2d 1161 (1st Cir. 1991). In both Maher and Kale, there was an apparent basis for diversity jurisdiction, the plaintiffs simply failed to assert it. See Maher, 433 F.3d at 125; Kale, 924 F.3d at 1163-64. By contrast, the record here suggests that diversity jurisdiction was actually lacking in Waldron I.

### III.  JURISDICTION OVER REMAINING CLAIMS

With only Counts I and II remaining, the Court finds itself in a position eerily familiar to Waldron I; namely, no independent basis for federal subject matter jurisdiction and no apparent reason to retain supplemental jurisdiction.  (See May 18, 2006 Rec. Dismissal of Complaint (Docket # 70 in 2:05-cv-77-GZS) at 1-4.)  In its Response to Plaintiffs' Objection to Removal (Docket # 11), Defendant seems to have predicted this possible outcome noting that "[s]hould this Court dismiss Counts III and IV of the Complaint, . . . the parties will be returned to the same position they were in last May when Defendant correctly argued that the amount in controversy did not exceed $75,000 and when this Court dismissed the case for lack of jurisdiction."  (Def.'s Response to Pl.'s Obj. to Removal (Docket # 11) at 7.)  Under this scenario, Defendant suggested that the Court would "likely remand the case to state court for the same reason it dismissed Waldron I." (Id.)

In light of the Court's prior rulings, there is no reason for the Court to retain jurisdiction over Plaintiffs' remaining claims.  The only question is whether the Court has the ability to remand the remaining claims having already found that removal was proper or whether, alternatively, the remaining claims must simply be dismissed without prejudice, as this Court previously did in Waldron I.  The removal statute states:  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  Federal courts have recognized that this statutory language reflects a 1988 amendment that expanded the district court's ability to remand a case that was initially deemed properly removed to federal court.  See, e.g., Fent v. Oklahoma Water Resources Bd., 235 F.3d 553, 557-58 (10th Cir. 2000); Villano v. Kohl's Dep't Stores, Inc., 362 F. Supp. 2d 418, 420 (S.D.N.Y. 2005); see also Mills v. Harmon Law Offices, 344 F.3d 42, 45-46 (1st Cir. 2003)

(discussing 28 U.S.C. § 1447(c) and noting that the remand, rather than dismissal, is required by the statutory language).  Therefore, following Defendant's suggestion, the language of 28 U.S.C. § 1447(c) and the just-cited cases, the Court will remand Counts I & II to state court for further proceedings.

## IV.  CONCLUSION

Defendant's removal was timely and Defendant has established by a preponderance of the evidence that the reasonable litigation value of each Plaintiff's claims at the time of removal exceeded the requisite $75,000 amount in controversy.  On this basis, the Court initially DENIES Plaintiffs' Objection to Removal.

For the reasons explained above, the Court GRANTS IN PART Defendant's Motion to Dismiss and hereby DISMISSES WITH PREJUDICE Counts III & IV on the grounds that these claims are barred by res judicata.

Finally, the Court hereby ORDERS that Counts I & II be REMANDED based on lack of subject matter jurisdiction.  However, the Clerk shall await the expiration of the appeal period before remanding the case to state court.

SO ORDERED.

    /s/ George Z. Singal  
United States Chief District Judge

Dated this 14th day of March 2007.